UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,                    Case Nos. 15-cr-20089 /
                                                                19-cv-12017
                                                        Hon. Matthew F. Leitman

v.

D-3, JAMAR HARRIS,

    Defendant/Petitioner.

_____/

## ORDER DENYING PETITIONER'S MOTION TO VACATE SENTENCE (ECF No. 155) AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Jamar Harris has filed a motion to vacate his sentence under 28 U.S.C. § 2255 ("Section 2255"). For the reasons explained below, the motion is DENIED.

**I**

On February 17, 2015, Petitioner Jamar Harris was charged with (1) Hobbs Act robbery in violation of 18 U.S.C. § 1951(a)[1] and (2) using a firearm during and

---

[1] Section 1951(a) of the Hobbs Act sets forth the list of prohibited conduct. It provides:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, *by robbery* or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under

1

in relation to the commission of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) ("Section 924(c)(1)(A)"). (*See* Indictment, ECF No. 16.) The "crime of violence" underlying the Section 924(c)(1)(A) charge was Harris' alleged Hobbs Act robbery. (*Id.*)

Harris pleaded guilty to the Hobbs Act robbery charge on October 13, 2015. (*See* Plea Hr'g, ECF No. 75.) On December 2, 2015, a jury convicted Harris on the Section 924(c)(1)(A) charge. (Jury Verdict, ECF No. 99, PageID.570.) Prior to the jury's deliberations, the Court instructed the jurors that Hobbs Act robbery is a crime of violence for Section 924(c)(1)(A) purposes. (12/2/2015 Trial Tr., ECF No. 107, PageID.964.)

Harris now moves to vacate his sentence under Section 2255. (*See* Mot. to Vacate, ECF No. 155.) He argues that in light of recent Supreme Court rulings, his Hobbs Act robbery was not a crime of violence under Section 924(c)(1)(A). (*See id.*, PageID. 1335, 1340–47 (citing, among other cases, *Johnson v. United States*, 135 S.

---

this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 1951(a) (emphasis added). Section 1951(b) of the Hobbs Act then defines "robbery" as used in Section 1951(a). The issues raised by Harris turn on the scope of "robbery" under the Act. The Court sets forth that definition and analyzes its scope below.

2

Ct. 2551 (2015) and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018)).) For the reasons explained below, the Court disagrees and therefore **DENIES** Harris' Motion.

## II

Section 924(c)(1)(A) "prohibits using a firearm in furtherance of a crime of violence." *Deatrick v. Sherry*, 451 F. App'x 562, 565 (6th Cir. 2011). For purposes of Section 924(c)(1)(A), a "crime of violence" is a felony that either:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection (A) of the definition is known as the "elements clause," while Subsection (B) is called the "residual clause." *See Knight v. United States*, 936 F.3d 495, 497 (6th Cir. 2019). The Supreme Court recently invalidated the residual clause as unconstitutionally vague. *See United States v. Davis*, 139 S. Ct. 2319 (2019). But an offense is still a "crime of violence" if it satisfies the elements clause. *See, e.g.*, *Knight*, 936 F.3d at 497 (holding that assault and robbery of a postal employee constituted a "crime of violence" because it satisfied the elements clause).

Thus, the question posed by Harris' motion is: does Hobbs Act robbery constitute a "crime of violence" under the elements clause? It does.

3

Courts apply a "categorical approach" to determine whether an offense qualifies as a "crime of violence" under the elements clause. *United States v. Rafidi*, 829 F.3d 437, 444 (6th Cir. 2016). "Under [that] approach, a court 'focuses on the statutory definition of the offense, rather than the manner in which an offender may have violated the statute in a particular circumstance.'" *Id.* (quoting *United States v. Denson*, 728 F.3d 603, 607 (6th Cir. 2013)). "Courts use a variant of this method – labeled (not very inventively) the 'modified categorical approach' – when a prior conviction is for violating a so-called 'divisible statute,' which sets out one or more elements of the offense in the alternative." *Id.* (quotation omitted). A court applying the modified categorical approach "consult[s] a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Descamps v. United States*, 570 U.S. 254, 257 (2013).

The Court applies the modified categorical approach here because the Hobbs Act is divisible: it is violated when a defendant interferes with interstate commerce by robbery or, in the alternative, by extortion. *See United States v. Gooch*, 850 F.3d 285, 291 (6th Cir. 2017) (ruling that the Hobbs Act is a divisible statute). Here, Harris' indictment and jury instructions make clear that Harris was charged with and convicted of Hobbs Act robbery, not Hobbs Act extortion. (*See* Indictment, ECF No. 16, PageID.38–39 (charging Harris with "Interference with Commerce by

Robbery"); 12/2/2015 Trial Tr., ECF No. 107, PageID.964 (informing the jury that, "In this case that crime of violence is the robbery of that Radio Shack on January 18th in Lincoln Park").) Indeed, Harris himself acknowledges that he pleaded guilty to Hobbs Act robbery. (*See* Mot. to Vacate, ECF No. 155, PageID.1336.)

Hobbs Act robbery is a "crime of violence." The Hobbs Act defines "robbery" as:

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C.A. § 1951(b). This definition of robbery "clearly 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another' as necessary to constitute a crime of violence under [the elements clause]." *Gooch*, 850 F.3d at 291–92 (6th Cir. 2017) (quoting Section 924(c)(3)(A)). Thus, Hobbs Act robbery is a "crime of violence." *Id.*; *see also United States v. Camp*, 903 F.3d 594, 597 (6th Cir. 2018) (confirming that Hobbs Act robbery is a "crime of violence" under the elements clause).[2]

---

[2] Every other circuit court to address the issue agrees with the Sixth Circuit that Hobbs Act robbery is a "crime of violence" under the elements clause. *See Gooch*, 850 F.3d at 292 (collecting cases from the Second, Third, Seventh, Eighth, Ninth, and Eleventh Circuits).

5

Because the Hobbs Act robbery that Harris committed is a "crime of violence," Harris was properly convicted of using a firearm during and in connection with a crime of violence in violation of Section 924(c)(1)(A). Therefore, the Court will deny Harris' motion for relief from his sentence.

**III**

Harris may not appeal the Court's decision unless the Court issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). That standard is met when "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner." *Welch v. United States*, 136 S. Ct. 1257, 1263 (2016) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, reasonable jurists would not debate the Court's conclusion that Hobbs Act robbery is a "crime of violence" and that Harris is therefore not entitled to the relief he seeks. *See Camp*, 903 F.3d at 597 (explaining that "binding precedent" of *Gooch* "forecloses [the] argument" that Hobbs Act robbery is not a "crime of violence"). Thus, a certificate of appealability is not warranted in this case.

## IV

For the reasons explained above, **IT IS HEREBY ORDERED** that Harris' Motion (ECF No. 155) is **DENIED**, and the Court **DENIES** a certificate of appealability.

s/Matthew F. Leitman<br>
MATTHEW F. LEITMAN<br>
UNITED STATES DISTRICT JUDGE

Dated: September 30, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 30, 2019, by electronic means and/or ordinary mail.

s/Holly A. Monda<br>
Case Manager<br>
(810) 341-9764